## IN THE COURT OF APPEALS OF IOWA

No. 19-1843
Filed January 23, 2020

**IN THE INTEREST OF L.H., S.H., and A.H.,**
**Minor Children,**

**A.H., Mother,**
        Appellant.

_____

        Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld,
District Associate Judge.


        A mother appeals the termination of her parental rights.  **AFFIRMED.**


        Robert W. Davison, Cedar Rapids, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney
General, for appellee State.

        Kimberly A. Opatz of Linn County Advocate, Inc., Cedar Rapids, attorney
and guardian ad litem for minor children.


        Considered by Vaitheswaran, P.J., Mullins, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2020).

**MAHAN, Senior Judge.**

A mother appeals the termination of her parental rights pursuant to Iowa Code section 232.116(1)(f) (2019).[1]  She challenges the sufficiency of the evidence supporting the statutory ground for termination and contends termination is not in the children's best interests.  On our de novo review, *see In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019), we affirm.

This family most recently came to the attention of the department of human services in July 2018,[2] due to concerns about methamphetamine use by the mother, the inhabitability of the mother's home, reports of prostitution by the mother, and traffic coming in and out of the home "all hours of the day and night."  The children were removed from the home and adjudicated in need of assistance.[3]  The mother was ordered to complete mental-health and substance-abuse evaluations and participate in drug testing.  Fully-supervised visits were established with the children.  With the exception of exercising "more visits than she missed," the mother did not meet any other case-plan requirements.  The State filed a petition to terminate parental rights in June 2019.

The termination hearing was held in August.  The mother testified that her boyfriend, who was known to use methamphetamine, "recently moved out over the past week."  She stated she last used methamphetamine "three weeks ago."  She explained she did not comply with drug tests due to "transportation" issues,

---

[1] The father's parental rights were also terminated.  He does not appeal.

[2] The family previously came to the department's attention in 2012, 2017, and early 2018.

[3] The mother and father are married, but do not reside together.  The mother's older child from a different relationship was placed with his father.

"confusion over the testing number," and because she "forgot." But she stated she was "more than willing to do so" going forward. She acknowledged she had not completed substance-abuse or mental-health evaluations as she was required to do, and she admitted she had lied about completing the evaluations. The mother asked for additional time to get her children returned to her care, stating, "I would like to be given that time to at least put forth the effort." She testified, "I kept thinking I had more time to do these things," but "I realize that I definitely need to do this now or never."

The department and guardian ad litem recommended termination of parental rights. The department caseworker testified the mother could not safely parent the children at that time and it was unlikely the children could be returned to her care in six months. The juvenile court did not order additional time to work toward reunification and terminated the mother's parental rights. The record establishes the children cannot be returned safely to the mother's custody at present. Accordingly, there is clear and convincing evidence for termination of the mother's parental rights pursuant to section 232.116(1)(f).

The mother contends termination is not in the children's best interests, "in part because of the bond between the children and their mother." *See* Iowa Code § 232.116(3)(c) (stating court need not terminate if termination would be detrimental to the children due to the closeness of the parent-child relationship). The exceptions stated in section 232.116(3) are permissive, not mandatory. *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011). In deciding whether to apply an exception to termination, we consider "the unique circumstances of each case

and the best interests of the child." *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citation omitted). With regard to the parent-child bond, the juvenile court noted:

> There are none known [exceptions to termination] in the instant case because while the girls are bonded to their parents their need for permanency and a safe drug free environment outweighs any trauma that will result from termination of parental rights. The court believes it is in the girls interest and well-being to remain together to love and support each other.

Although the mother appears to have made some recent realizations with regard to her journey toward stable mental health and sobriety, without more promise that the children could safely return to her care now or in the near future, the court must focus on the children's need for stability and permanency. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together."); *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) ("Once the limitation period lapses, termination proceedings must be viewed with a sense of urgency."). Because there is clear and convincing evidence to support termination, termination is in the children's best interests, and no permissive factor persuades us termination should not occur, we affirm.

**AFFIRMED.**